UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EARNEST CLARK,

                Plaintiff,

vs.                                         Case No. 2:12-cv-461-FtM-29SPC

STATE OF FLORIDA, DEPARTMENT OF
CORRECTIONS, KENNETH TUCKER, Chief,
WARDEN CHAPAM, WARDEN JOHNSON, JOHN
DOE, Mental Health Director, and
JOHN DOE, Mental Health Director,

                Defendants.
_____

## ORDER OF DISMISSAL

### I.

This matter comes before the Court upon initial review of the file. Plaintiff, who is currently incarcerated within the Florida Department of Corrections, initiated this action by filing a *pro se* civil rights complaint form pursuant to 42 U.S.C. § 1983 on August 21, 2012 (Doc. #1, "Complaint"). Although the Complaint is disjointed and somewhat incoherent, it appears that Plaintiff contends that his First Amendment free exercise of religion rights are being violated. See generally Complaint. In particular, the Complaint states as follows:

> My claim is the First Amendment right to freedom of religion and practice without any hurt[,] harm or danger to myself or anyone. The Department of Correction Institution of the State of Florida have paralyzed my mental capacity of my belief in of believing in the Book of the Holy Bible of supernatural spiritual of the prophetic of the Holy Bible of the King James version, which is document throughout history which is a disgrace

>    to myself to put me in confinement holding cell with no clothes on nake[d] because of the prophetic of the supernatural tongues, and singing in other language. I cannot freely express myself with my belief of the Holy Bible. They have paralyzed my pray life with the torment of seeing someone of not of my faith to counselor of the supernatural of the Lord Jesus Christ of the Holy Bible. Mental health cannot counselor the supernatural of the divine of the Lord Jesus Christ power of anointing. One must understand that you cannot counselor the supernatural of God. Everything happen to me is in and of the holy Bible. Therefore they have hurt my heart in God and in men.

Id. at 6 (grammatical errors in original). As relief, Plaintiff asks "to be paid for damages for mental stress and clear my record of misconduct on the part of the Department of Corrections." Id. at 7. Plaintiff seeks leave to proceed *in forma pauperis* in this action (Doc. #3).

**II.**

The Prison Litigation Reform Act requires that the Court review all complaints filed by prisoners against a governmental entity to determine whether the action is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief." See 28 U.S.C. § 1915A(a), (b)(1), (b)(2). In essence, § 1915 is a screening process to be applied sua sponte and at any time during the proceedings. In reviewing a complaint, however, the Court accepts the allegations in the complaint as true, Boxer v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006), and applies the long established rule that pro se complaints are to be liberally

construed and held to a less stringent standard than pleadings drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007)(citations omitted).

The standards that apply to a dismissal under Fed. R. Civ. P. 12(b)(6) apply to a dismissal under § 1915. Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1278-79 (11th Cir. 2001). Under Rule 12(b)(6), the court views all allegations in the Complaint as true and construes them in the light most favorable to the Plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008). The standard governing Federal Rule of Civil Procedure 12(b)(6) dismissals apply to dismissals under § 1915(e)(2)(B)(ii). Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008); Mitchell v. Carcass, 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, a complaint is subject to dismissal for failure to state a claim if the facts as plead do not state a claim for relief that is plausible on its face. Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007). A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. ____, 129 S. Ct. 1937, 1949 (2009). The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. Twombly, 550 U.S. at 556. Specifically, although a complaint "does not need detailed factual allegations .

. . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citations omitted). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. Ashcroft, 129 S. Ct. at 1949. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. Additionally, there is no longer a heightened pleading requirement. Randall, 610 F.3d at 701. The Court may dismiss a case when the allegations in the complaint on their face demonstrate that an affirmative defense bars recovery of the claim. Marsh, 268 F.3d at 1022; Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. 2003); Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege: (1) that the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001). In addition, Plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Swint v. City of Wadley, 51 F.3d 988 (11th Cir.

1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

The First Amendment to the United States Constitution provides:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or of the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

U.S. Const. Amend. I.[1]  Although, "prisoners do not shed all constitutional rights at the prison gate, . . . [l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights." Sandin v. Conner, 515 U.S. 472, 485 (1995)(citation and quotations omitted).  Despite their incarceration, inmates must be afforded a "reasonable opportunity" to exercise their religious freedom. Cruz v. Beto, 405 U.S. 319, 322 (1972).  Thus, in order to sustain a First Amendment claim, a prisoner must be able to show that his ability to practice his faith was substantially burdened. See Turner v. Safley, 482 U.S. 78, 85 (1987); Cheffer v. Reno, 55 F.3d 1517, 1522 (11th Cir. 1995).  A "substantial burden" is defined as a burden that either compels a person to engage in conduct that is forbidden by his

---

[1]The First Amendment's Free Exercise Clause is applicable to the states through the Fourteenth Amendment. See Cantwell v. Connecticut, 310 U.S. 296, 303 (1940).

religion, or conduct that prohibits a person from engaging in conduct required by his religion. Cheffner, 55 F.3d at 1522.

### III.

To the extent discernable, Plaintiff claims that he was placed in some form of confinement and stripped of his clothing due to his talking in tongues, which Plaintiff believes is a sign of his "supernatural" spiritual powers. Additionally, Plaintiff complains a mental health counselor is not qualified to assess his spiritual powers. Assuming *arguendo* that Plaintiff's beliefs are sincerely held, as opposed to fantastic and delusional,[2] Plaintiff's

---

[2]The Court takes judicial notice that the Department of Corrections have adopted various administrative rules regarding the placement, treatment and confinement of inmates deemed to have mental health issues. In particular, Rule 33-404.101 provides in relevant part:

Mental Health Services Program – Purpose and Scope.

> (1) Mental health services are those services and activities that are provided primarily by mental health staff and secondarily by other health care staff for the purposes of:
>
>> (a) Identifying inmates who are experiencing disabling symptoms of a mental disorder that impair the ability to function adequately within the incarceration environment;
>>
>> (b) Providing appropriate intervention to alleviate disabling symptoms of a mental disorder;
>>
>> (c) Assisting inmates with a mental disorder with adjusting to the demands of prison life;
>>
>> (d) Assisting inmates with a mental disorder

(continued...)

Complaint is nonetheless fatally flawed for a number of reasons. First, the Complaint fails to allege any acts of wrongdoing by any of the named Defendants. See generally Complaint. The body of the Complaint is devoid of the Defendants' names, except as they appear on the caption of the case and under the listing of the "Parties."

---

[2](...continued)
>     to maintain a level of adaptive functioning; and
>
>     (e) Providing re-entry mental health planning to facilitate the inmate's continuity of care after release to the community.
>
> (2) Access to necessary mental health services shall be available to all inmates within the department, shall be provided in a non-discriminatory fashion, and shall be provided in accordance with prevailing community and correctional standards of care. All inmates are eligible to receive mental health screening and evaluation as necessary.
>
> (3) The department shall provide the following levels of mental health care:
>
>     (a) Outpatient;
>
>     (b) Infirmary;
>
>     (c) Transitional;
>
>     (d) Crisis Stabilization; and
>
>     (e) Corrections Mental Health Treatment Facility Care.
>
> (4) Final medical responsibility and authority for mental health matters at the institutional level rest with the chief health officer or medical executive director, with support and oversight provided by the regional mental health consultant, director of mental health services and assistant secretary for health services.

<u>Id.</u> at 3-4. Thus, Plaintiff fails to establish that any of the named Defendants were either personally involved in placing him in confinement or otherwise burdening the free exercise of his presumed deeply held religious beliefs. <u>Harris v. Ostrout</u>, 65 F.3d 912, 917 (11th Cir. 1995).

Further relief under § 1983 for emotional distress requires that a plaintiff show a <u>physical injury</u> or imminent threat of a physical injury. "No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of a physical injury." 42 U.S.C. § 1997e(e); <u>Douglas v. Yates</u>, 535 F.3d 1316, 1321 (affirming district court's *sua sponte* dismissal based upon affirmative defense of § 1997e(e) apparent from face of the complaint). Here, Plaintiff alleges no physical injury from his placement in confinement. Thus, the monetary damages Plaintiff seeks as relief are not available based upon the allegations in the Complaint.

Finally, to the extent that Plaintiff seeks to have his "record" cleared of any "misconduct," Plaintiff's claim is barred by the doctrine of <u>Heck v. Humphrey</u>,[3] or alternatively must be brought in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. <u>See</u> <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 81-82 (2005). (holding "a state prisoner's § 1983 action is barred (absent prior

---

[3]<u>Heck v. Humphrey</u>, 512 U.S. 477, 481 (1994).

invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)-if success in that action would necessarily demonstrate the invalidity of confinement or its duration."); Gwin v. Snow, 870 F.2d 616, 622-23 (11th Cir. 1989)(stating "the requested relief is the dispositive criterion for determining whether an action can lie under section 1983," and noting that a claim seeking damages may be brought under § 1983, but a demand for restoration of credits should be brought in a habeas petition).

ACCORDINGLY, it is hereby

**ORDERED**:

1. The Complaint is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915.

2. The Clerk of Court shall enter judgment accordingly, terminate any pending motions and deadlines, and close this file.

**DONE AND ORDERED** at Fort Myers, Florida, on this __2nd__ day of October, 2012.

_____
JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record